IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-154-BO

| | | |
|---|---|---|
| MARCUS JERMAINE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE STATE OF NORTH CAROLINA, WAKE COUNTY, WAKE COUNTY SHERIFF'S DEPT., RALEIGH POLICE DEPARTMENT, WAKE COUNTY PUBLIC SCHOOLS, LOBBYGUARD SOLUTIONS, LLC, WRAL, NEWS 14 RALEIGH, ABC 11, NBC 17, and THE NEWS AND OBSERVER, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on recommendation of a United States Magistrate Judge that the action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(a). For the reasons set out in the recommendation, the Plaintiff's claims for (1) failure to advise him of his *Miranda* rights and (2) all claims against the State of North Carolina are hereby DISMISSED as frivolous. With respect to Plaintiff's remaining claims, the Wake County Sheriff's Department, Raleigh Police Department, LobbyGuard Solutions, WRAL, News 14 Raleigh, NBC 17, and the News & Observer have all filed Motions to dismiss that are GRANTED for the reasons set forth herein.

I. The Wake County Sheriff's Department

The Wake County Sheriff's Department moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests

the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Although specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

Plaintiff's Complaint makes no allegation with respect to the Wake County Sheriff's Department. Rather, Plaintiff alleges that he was arrested by the Raleigh Police Department. Therefore, this matter is hereby DISMISSED as against the Wake County Sheriff's Department for failure to state a claim.

## II. The Raleigh Police Department

The Raleigh Police Department is not an entity capable of being sued in North Carolina. *See* Fed. R. Civ. P. 17(b); *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. App. 1988) ("In North Carolina, there is no statute authorizing suit against a police department.") Accordingly, this matter is DISMISSED as against the Raleigh Police Department.

## III. The Remaining Defendants

This Court lacks subject matter jurisdiction to adjudicate Plaintiff's state law claims asserted against the remaining Defendants. The only claims arguably giving rise to a federal question in this matter are Plaintiff's claims of police misconduct. Plaintiff's claims against the

non-police Defendants arise solely from North Carolina law. These claims do not raise a federal question pursuant to 28 U.S.C. § 1331 nor has Plaintiff alleged diversity of citizenship pursuant to 28 U.S.C. § 1332. It is clear that complete diversity does not exist here because Plaintiff's filings indicate that he is a North Carolina resident and the Wake County Sheriff's Department, Raleigh Police Department, and Wake County Public Schools also reside in North Carolina. Therefore, these claims are DISMISSED without prejudice to Plaintiff's ability to bring these claims in a state court of competent jurisdiction.

In sum, Plaintiff's claims arising under federal law are DISMISSED as set forth above and Plaintiff's claims arising under state law are DISMISSED for lack of subject matter jurisdiction. Therefore, this matter is hereby DISMISSED without prejudice to Plaintiff's ability to bring his claims arising under state law in a state court of competent jurisdiction.

SO ORDERED, this 12 day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE